Mark W. Lischwe (#010352)
MARK W. LISCHWE, P.C.
141 East Palm Lane, Suite 201
Phoenix, Arizona 85004
Telephone: (602) 252-7552
Fax: (602) 252-7338
e-mail: m.lischwe@att.net
Attorney for Debtors

IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: December 21, 2009**



*Randolph J. Haines*

RANDOLPH J. HAINES
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | ) Chapter 13 |
| RICHARD A. WHITNEY, | ) |
| CAROLYN A. WHITNEY, | ) Case No. 2:09-bk-06519-RJH |
| Debtors. | ) Adversary No. 2:09-ap-00771-RJH |
| | ) |
| RICHARD A. WHITNEY, | ) STIPULATED ORDER FOR AVOIDANCE |
| CAROLYN A. WHITNEY, | ) OF DEED OF TRUST LIEN |
| Plaintiffs, | ) |
| vs. | ) |
| BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P., its heirs, assigns and/or successors-in-interest, | ) |
| Defendant(s). | ) |

This matter comes before the Court pursuant to the Stipulation and agreement (the "Stipulation") between Richard A. Whitney and Carolyn A. Whitney (the "Debtors") and BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., a secured creditor and party-in-interest ("BAC"). Through this Stipulated Order, Debtors and BAC have agreed to the entry of an order avoiding BAC's junior position Deed of Trust on the Debtors' residence located at 2704 North Robin Lane, Mesa, Arizona, 85213, subject to the terms and conditions stated herein. The Debtors and BAC have reached the agreements set forth herein for mutual consideration, and in the respective judgment of the Debtors, for the benefit of the bankruptcy estate.

In relation to this mater, the Court FINDS and CONCLUDES as follows:

I. **FINDINGS OF FACT**

1. The Debtors filed a voluntary petition commencing a chapter 13 proceeding on April 2, 2009 (the "Filing Date") under Case No. 2:09-bk-06519-RJH.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(20(A), (K) and (O).

3. Debtors are the owners of the real property located at 2704 North Robin Lane, Mesa, Arizona 85213 (the "Property"), which Property is the principal residence of the Debtors. The Property is legally described as:

> Lot Sixty-Seven (67), RANCHO DE ARBOLEDA
> UNIT TWO, according to the plat of record in the
> office of the Maricopa County Recorder in Book
> 282 of Maps, Page 5

4. On or about March 9, 2007, the Debtors obtained a loan from BAC in the original principal amount of $55,000.00 (the "Property Note"). The Property Note is secured by a second-position Deed of Trust on the Property in favor of BAC (the "Deed of Trust").

6. On April 17, 2009, Debtors filed their *"Chapter 13 Plan and Application for Payment of Administrative Expense"* (the "Plan").

7. Section 3c of the Plan alleges that the debt owed to the holder of the senior Deed of Trust on the Property exceeds the value of the Property, and that the Property Note is therefore wholly unsecured. The Plan seeks to "strip off" the BAC Property Note and Deed of Trust pursuant to 11 U.S.S. §506.

8. BAC and the Debtors stipulate and agree to "strip off" the BAC Property Note and Deed of Trust strictly upon the terms and conditions set forth in this Stipulated Order. The Court finds that the Stipulation is in the best interest of the estate.

9. The value of the Property is $225,000.00.

/ / /

/ / /

/ / /

**II.     ORDER**

Based on the foregoing, and the entire record before the Court, and good cause appearing, it is hereby ORDERED as follows: (BAC and the Debtors are sometimes referred to herein individually as a "Party" and collectively as the "Parties").

A. **Avoidance of BAC Property Note and Deed of Trust.** Upon successful completion of the Plan by the Debtors and the entry of a discharge pursuant to 11 U.S.C. §1328, (unless Paragraph C or G apply prior thereto), the BAC Property Note and Deed of Trust shall be avoided and shall be of no further force or effect on the real property located at 2704 North Robin Lane, Mesa, Arizona 85213, and legally described as Lot Sixty-Seven (67), RANCHO DE ARBOLEDA UNIT TWO, according to the plat of record in the office of the Maricopa County Recorder in Book 282 of Maps, Page 5. Such avoidance shall become immediately effective upon the entry of the discharge but, until such time, the BAC Property Note and Deed of Trust shall remain in full force and effect (unless Paragraph C or G apply prior thereto, however, BAC, or any successors thereto, will be paid nothing through Debtors' Plan as a secured claim in second position and will receive no monthly 2nd mortgage payments outside of the Plan. Contemporaneous with the execution of this Order, BAC shall prepare a release of lien, to be held by counsel for BAC until such time as the Plan has been completed and a discharge has been entered (unless Paragraph C or G apply prior thereto). Within thirty (30) days thereafter, BAC will record the release of lien.

B. **Effect of Conversion or Dismissal.** In the event this bankruptcy case is dismissed or converted to a proceeding under Chapter 7 prior to the entry of a discharge under 11 U.S.C. §13289(a), then the BAC Property Note and Deed of Trust shall remain in full force and effect and shall not be subject to avoidance.

C. **Sale or Refinance of Property.** Notwithstanding any other term or provision herein to the contrary, in the event that the Debtors sell or refinance the Property prior to the completion of the Plan and receipt of a discharge under 11 U.S.C. §1328, the BAC Property Note and Deed of Trust shall be avoided to accommodate such sale or refinancing

3

and BAC will provide Debtors and/or any title agency, etc. with a Release of Lien prior to close of escrow.

  D. **General Unsecured Claim**. BAC shall have an allowed general unsecured claim in the amount of $57,358.53, which represents the balance due as of the Petition date.

  E. **Foreclosure of First Deed of Trust.** In the event that the holder of the first position lien against the Property forecloses its security interest and extinguishes the BAC Deed of Trust prior to completion of the Plan and receipt of a discharge under 11 U.S.C. §1328, the BAC Deed of Trust shall attach to any surplus proceeds of such foreclosure sale for the full amount due under the Property Note at the time of such sale.

  F. **Costs and Attorneys' Fees.** Each party shall bear its own costs and attorneys' fees incurred in connection with this adversarial action.

  G. **Heirs and Assigns.** This Order shall be binding upon BAC, its successors-in-interest, heirs and assigns. Should BAC no longer be the holder of the BAC Property Note and/or Deed of Trust at the time of completion of the Plan and entry of discharge, (unless Paragraph C applies prior thereto), BAC shall remain legally obligated to ensure the release of lien is timely and properly filed and recorded. Should BAC cease operations prior to completion of the Plan and entry of discharge, (unless Paragraph C applies prior thereto), BAC shall immediately file and record its release of lien prior to its termination. Should BAC, its heirs, successors and/or assigns fail to release its lien, this Order shall serve as a release of lien and this Order may be recorded and the same shall have the effect of voiding the lien on the public records.

  DATED this _____ day of _____, 2009.

_____
HONORABLE RANDOLPH J. HAINES
United States Bankruptcy Judge

/ / /

/ / /

/ / /

4

AGREED AS TO FORM AND CONTENT:

_____
Leonard McDonald
Attorneys for BAC Home Loans Servicing, L.P.

_____
Mark W. Lischwe
Attorney for Debtors

_____
Richard A. Whitney
Debtor

_____
Carolyn A. Whitney
Debtor